UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL SEDLMEIER, | ) | Civ. 13-4136-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SOUTH DAKOTA STATE | ) | |
| PENITENTIARY HEALTH SERVICES; | ) | |
| and DARREN YOUNG, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Michael Sedlmeier, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Sedlmeier filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On January 7, 2014, the court directed service of Sedlmeier's complaint. Docket 9. Now pending before the court are defendants' motion to dismiss (Docket 14), plaintiff's motion to appoint counsel (Docket 16), plaintiff's request for copies of medical records (Docket 16), plaintiff's motion to schedule a hearing (Docket 19), and plaintiff's motion to amend complaint (Docket 24). For the reasons set forth herein, the court grants defendants' motion to dismiss (Docket 14), grants plaintiff's motion to amend complaint (Docket 24), and denies plaintiff's motion to appoint counsel (Docket 16), motion for copies of medical records (Docket 16), and motion to schedule a hearing (Docket 19).

## STANDARD OF REVIEW

In considering dismissal pursuant to Rule 12(b)(6), "the court must accept all well-pleaded allegations of the complaint as true, and all reasonable inferences therefrom must be construed favorably to the pleader." *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir. 1992) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 497–98 (8th Cir. 2010) (citation omitted); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371, at 276 (2004) ("Conversion . . . will not occur with regard to all matters subject to judicial notice and things that are central or integral to the nonmoving party's pleading."). The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

Sedlmeier claims that defendants acted with deliberate indifference toward his serious medical need. Docket 1. Sedlmeier further represents that, as a result of defendants' deliberate indifference toward his serious medical need, he experiences bad headaches, loss of memory, and speech problems. *Id.* To remedy this alleged constitutional violation, Sedlmeier requests $4 million in damages. *Id.* Defendants argue, however, that Sedlmeier has failed to state a claim upon which relief may be granted. Docket 14.

More specifically, defendant South Dakota State Penitentiary Health Services (SDSPHS) argues that it is not a "person" amenable to suit brought pursuant to 42 U.S.C. § 1983, but rather a state agency, protected from suit by the Eleventh Amendment. Under § 1983,

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

(emphasis added). Thus, "[b]y its terms, § 1983 applies to 'persons,' and it is well settled that state agencies . . . are not 'persons' for purposes of § 1983." *Mills v. Iowa Bd. of Regents*, 770 F. Supp. 2d 986, 992 (N.D. Iowa 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–71 (1989)).

In other words, although "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties." *Will*, 491 U.S. at 66. Furthermore, absent a waiver of immunity, the Eleventh Amendment bars claims against the state and its agencies. *Id.* (citation omitted); *see also Murphy v. State of Ark.*, 127 F.3d 750, 754 (1997). In the instant case, SDSPHS has not waived its immunity. Accordingly, the court finds that Sedlmeier has failed to state a claim against SDSPHS upon which relief may be granted.

Defendant Darren Young also argues that Sedlmeier has failed to state a claim upon which relief may be granted, but based on separate grounds. More specifically, Young asserts that Sedlmeier has failed to allege that Young was personally involved in Sedlmeier's medical care, or that Young personally

interfered with prescribed treatment. Accordingly, Young maintains that he cannot be held accountable for the alleged violation of Sedlmeier's constitutional rights.

The United States Supreme Court has held that vicarious liability does not apply in § 1983 actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Consequently, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* Alleging that a defendant was personally involved in violating a plaintiff's constitutional rights is, therefore, an essential element in a § 1983 action. *Furgeson v. Bisbee*, 932 F. Supp. 1185, 1188 (D.S.D. 1996). The court has reviewed Sedlmeier's complaint in this action and finds that Sedlmeier has failed to allege that Young was personally involved in decisions regarding Sedlmeier's medical care. Docket 1. The court therefore concludes that Sedlmeier has failed to state a claim against Young upon which relief may be granted.

## II. The Court Grants Sedlmeier's Motion to Amend Complaint.

Sedlmeier requests leave to amend his complaint to add Sherry Matuziak as a defendant to this action. Docket 24. A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only

with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, 21 days have passed between the date on which defendants were served with this action and the date on which Sedlmeier filed the pending motion to amend. The court is therefore not bound by the Federal Rules of Civil Procedure to grant Sedlmeier's motion to amend complaint. Nonetheless, because the court can identify no reason that would justify denying Sedlmeier's request, the court grants Sedlmeier leave to amend his complaint for the sole purpose of adding Sherry Matuziak as a defendant to this action.

### III. The Court Denies Sedlmeier's Motion to Appoint Counsel.

Sedlmeier first requested the appointment of counsel on November 25, 2013. Docket 5. The court denied that request because the facts of Sedlmeier's claims did not appear complex and because Sedlmeier appeared able to adequately present his § 1983 claims at the time. Docket 9 at 6. Little has changed since the court first denied Sedlmeier's request for the appointment of

counsel. Because the court has granted defendants' motion to dismiss, and because defendant Matuziak has not yet been served, there is nothing that has further complicated Sedlmeier's case. The court therefore reiterates its finding on Sedlmeier's first motion to appoint counsel—the facts of Sedlmeier's claim do not appear complex, and he currently appears able to adequately present his § 1983 claim. Accordingly, the court denies Sedlmeier's motion to appoint counsel. Docket 16.

**IV. The Court Denies Sedlmeier's Request for Medical Records.**

In his motion to appoint counsel, Sedlmeier notes that he "need[s] [his] medical records from [the] hospital and do[es]n't know how to get them." Docket 16. The court construes this statement as a request for copies of medical records, and it finds that Sedlmeier has failed to provide the court with sufficient information to determine (1) whether copies of his medical records are being withheld from him, and (2) whether such records are relevant to the claim before this court. Moreover, based on the documents attached to Sedlmeier's reply to defendants' response to his request for medical records, it appears that Sedlmeier has obtained copies of his medical records. *See* Docket 18-1. Accordingly, Sedlmeier's request for medical records (Docket 16) is denied.

**V. The Court Denies Sedlmeier's Request for Hearing.**

Sedlmeier requests a hearing for the purpose of hearing and resolving his instant § 1983 action. Docket 19. Because this order resolves all pending

motions, and because defendant Matuziak has yet to be served in the instant action, the court finds that Sedlmeier is not entitled to a hearing at this time. Accordingly, it is

ORDERED that defendants' motion to dismiss (Docket 14) is granted. Defendants South Dakota State Penitentiary Health Services and Darren Young are dismissed from this case.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 16) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for copies of medical records (Docket 16) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to schedule hearing (Docket 19) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to amend complaint to add a defendant (Docket 24) is granted. Plaintiff must file his amended complaint with the court by **September 12, 2014**, or the case will be dismissed.

Dated August 13, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE