UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SEDLMEIER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DENNIS KAEMINGK, Secretary of Corrections;<br>BOB DOOLEY, Warden of Operations;<br>DARRIN YOUNG, SDSP Warden;<br>SHERRY MATUSIAK, SDSP Medical Nurse;<br>JESSICA SCHREURS, Supervisor of Nurses;<br>HEATHER BOWERS, Charge Nurse;<br>and SDSP MEDICAL STAFF,<br><br>　　　　　Defendants. | 4:13-CV-04136-KES<br><br><br>ORDER GRANTING MOTION<br>TO DISMISS SECOND<br>AMENDED COMPLAINT |

　　　Plaintiff, Michael Sedlmeier, filed this lawsuit pursuant to 42 U.S.C. § 1983. Defendants, Dennis Kaemingk, Bob Dooley, Darrin Young, Sherry Matusiak, Jessica Schreurs, Heather Bowers, and the South Dakota State Penitentiary (SDSP) Medical Staff, are all employees of SDSP. All defendants move to dismiss the claims against them for failure to state a claim. For the following reasons, defendants' motion is granted.

**FACTUAL BACKGROUND**

　　　Sedlmeier is a current inmate at SDSP. On November 25, 2013, Sedlmeier filed a complaint in this court alleging that defendants SDSP Health Services and Darrin Young violated his civil rights. Sedlmeier complained that

prison staff denied him prompt and adequate medical care. Docket 1. In response, defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket 14. The motion to dismiss was granted, but Sedlmeier was granted leave to amend his complaint to add Matusiak as a defendant. Docket 25. Sedlmeier filed a motion to amend his complaint (Docket 26), which was granted. Docket 27. On September 24, 2014, Sedlmeier filed a document titled, "Motion to Amend Complaint," which identified Matusiak, Schreurs, and Bowers as defendants. Docket 35. The court construed this to be an amended complaint. Defendants answered, alleging that Sedlmeier failed to state a claim upon which relief can be granted. Docket 36.

On January 16, 2015, defendants Matusiak, Bowers, and Schreurs moved to dismiss[1] the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket 46. Defendants argued that because the complaint did not indicate whether defendants were being sued in their individual or official capacities, the case law would conclude that they are being sued only in their official capacities. Defendants also argued that damages are not recoverable from state officials sued in their official capacities because they are not "persons" for purposes of § 1983. Sedlmeier then asked for and was granted relief to file a second amended complaint. Docket 54. The second amended complaint was filed on June 4, 2015, which listed Kaemingk, Dooley, Young, Matusiak, Schreurs, Bowers, and the SDSP Medical Staff as defendants. Docket 56.

---

[1] Because Sedlmeier subsequently filed a second amended complaint, defendants Matusiak, Bowers, and Schreurs' motion to dismiss is moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

All defendants responded by moving to dismiss the action for failing to state a claim upon which relief may be granted. Docket 58. Sedlmeier responded to this motion (Docket 59), and defendants replied to his response. Docket 60. For the reasons stated below, defendants' motion is granted.

## LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a claim if the claimant has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *United States v. Harvey*, No. Civ. 13-4023, 2014 WL 2455533, at *1 (D.S.D. Jun. 2, 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court considers only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense and viewing plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## DISCUSSION

In their motion to dismiss, defendants argue that they are not "persons" under 42 U.S.C. § 1983. State officials sued for monetary relief in their official capacities are not "persons" subject to liability under § 1983. *Hafer v. Melo,*

3

502 U.S. 21, 27 (1991). State officials sued in their *personal* capacity, however, "come to court as individuals . . . [and fit] comfortably within the statutory term 'person.'" *Id.* To recover monetary damages, state officials must be sued in their individual capacities.

The Eighth Circuit Court of Appeals requires plaintiffs to plead with specificity the capacity in which defendants are being sued. "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir.1998)). This inquiry focuses on the complaint itself. "*Nix* requires that a plaintiff's complaint contain a clear statement of [his] wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint *nor a statement made in response to a motion to dismiss* is sufficient." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995) (emphasis added).

Sedlmeier's second amended complaint does not state the capacity in which he is suing defendants. He has amended his complaint twice, but has not stated whether he is suing defendants in their official or individual capacities. Under Eighth Circuit precedent, his complaint lacks the required specificity to defeat the presumption that he is suing defendants in their official capacities. In Sedlmeier's response to defendants' motion to dismiss the second amended complaint, Sedlmeier stated that, "The Amended Complaint sought defendant's [sic] to be sued in both [their] Individual and Offical [sic]

4

capacities." Docket 59. This is a statement made in response to a motion to dismiss and is therefore insufficient as a "clear statement" showing Sedlmeier's intent to sue defendants in their individual capacities.

Sedlmeier's pro se status does not resolve this insufficiency. Pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106). The Eighth Circuit, however, has a "bright-line presumption that '[i]f a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.'" *Baker*, 501 F.3d at 926 (Gruender, J., dissenting) (quoting *Egerdahl*, 72 F.3d at 619). The Eighth Circuit has held this strict stance in all capacity cases. *See Artis*, 161 F.3d at 1182; *Egerdahl*, 72 F.3d at 619; *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989).

## CONCLUSION

While construed liberally, a pro se litigant's complaint must follow the rules of the court. The Eighth Circuit requires a clear statement of intent in order to sue state officials in their personal capacity. This is the only way to receive damages, which is the only relief Sedlmeier has asked for. Even though he was given multiple opportunities, Sedlmeier failed to make this clear statement of intent to sue defendants in their personal capacities. Therefore, he fails to state a claim under 42 U.S.C. § 1983. Accordingly, it is

ORDERED that defendants' motion to dismiss (Docket 58) pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

IT IS FURTHER ORDERED that the motion to dismiss of defendants Matusiak, Bowers, and Schreurs (Docket 46) is denied as moot.

Dated August 6, 2015.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE